CLERK'S COPY

FILED
AT ALBUQUERQUE NM
SEP 2 0 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OLAF PETER JUDA,

    Plaintiff,

v.                                                                                                     No. CIV-99-0942 BB/LFG

RAYMOND HAMILTON,
JOHN S. SANCHEZ,
RUDI ESTRADA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's complaint filed under the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the

complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated in a federal correctional institution in California. In October 1998 he was transferred to the Santa Fe County, New Mexico, Detention Center to attend an evidentiary hearing in this Court. After the hearing, Defendants allegedly conspired to prevent the prompt return of Plaintiff and his legal files to California, in retaliation for Plaintiff's filing a previous lawsuit and complaining about conditions at the center. He remained confined at the center for approximately two months. The complaint asserts three claims arising from these events and names an Assistant United States Attorney, the U.S. Marshal, and the warden of the detention center, each in his individual and official capacity, as Defendants. Plaintiff claims Defendants' conduct denied him access to the courts in other litigation, violating his rights under First and Eighth Amendments.

Furthermore, Plaintiff alleges his initial placement at the center exposed him to environmental tobacco smoke ("ETS") and he was harassed by other detainees. After he complained about these conditions, Plaintiff was placed in segregation where he was allowed only three showers per week and one hour of outside exercise during his entire confinement. Other objectionable conditions included inadequate hygiene supplies, clothing, and bedding; lack of a typewriter and office supplies; no "federal" law library; inadequate medical care; and "dismal" food. Plaintiff claims these deprivations violated his rights under the First and Eighth Amendments. The complaint seeks damages.

No relief can be granted on the claims that Defendants conspired to deny Plaintiff access to the courts by delaying his transfer back to California and not returning his files promptly. First, Plaintiff makes no allegation that the alleged delays caused "relevant actual injury," *Lewis v. Casey*,

518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Second, Plaintiff's retaliation theory is based on reports from other inmates in other circumstances, providing no factual support for a retaliation claim in <u>this</u> instance. And third, as the Court of Appeals for the Tenth Circuit admonished in an earlier action filed by Plaintiff, "Juda's bald allegations of a conspiracy to deprive him of his constitutional rights cannot avoid sua sponte dismissal." *Juda v. Nerney*, Nos. 97-2192, 97-2326, 1998 WL 317474, at *8 (10th Cir. June 16, 1998). Claims I and II and the conspiracy/delay claim against Defendant Estrada in Claim III will be dismissed.

The claim for exposure to ETS will also be dismissed. Although a § 1983 claim can be based on exposure to ETS, *Helling v. McKinney*, 509 U.S. 25, 35-37 (1993), Plaintiff's factual allegations do not support this claim. To support an ETS claim, Plaintiff must show that "he is being exposed to unreasonably high levels of ETS," *id.* at 36, and that Defendant acted with "deliberate indifference," *id.* at 37, to the risk of injury to Plaintiff. Here, Plaintiff concedes the alleged exposure was of relatively short duration, and he was moved to a smoke-free environment when he complained. Even assuming for purposes of this opinion that Plaintiff was exposed to an unreasonably high level of smoke at the beginning of his stay, the complaint clearly indicates that Defendant Estrada did not have the requisite mental state to support Plaintiff's claim. *Id*; *and see Hatcher v. Fields*, No. 96-7085, 1997 WL 431784, at **2 (10th Cir. August 1, 1997); *Barry v. Toon*, No. 95-1419, 1996 WL 366217, at **2 (10th Cir. July 2, 1996). This claim will be dismissed.

Last, the Court will dismiss Plaintiff's claims based on other conditions of confinement at

3

the center. As is often noted in prison cases, conditions such as poor food choices, minimal hygienic supplies, and uncomfortable beds do not support claims under the Eighth Amendment, especially for the short period of time Plaintiff was confined in the center. *Ruark v. Solano*, 928 F.2d 947, 949 (10th Cir. 1991) ("prison is 'not a nursery school' but a place for confining convicted felons") (citing *Battle v. Anderson*, 788 F.2d 1421, 1427-28 (10th Cir. 1986)), *effectively overruled on other grounds, Lewis v. Casey*, 518 U.S. 343 (1996). To prevail on this claim, Plaintiff must show "that he was 'incarcerated under conditions posing a substantial risk of serious harm,' and that the [warden] was aware of and disregarded an excessive risk to inmate health or safety by failing to take reasonable measures to abate the risk." *Lopez v. LeMaster*, 172 F.3d 756 (10th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994). Nor does Plaintiff allege that the lack of office supplies and a "federal" law library caused "relevant actual injury," *Lewis*, 518 U.S. at 351, or that the delay in issuing blood-pressure medication resulted in substantial harm. *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). Plaintiff's allegations do not support claims under 42 U.S.C. § 1983, and the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and a form of judgment shall enter in accordance with this opinion.

/s/ Bruce D. Black
UNITED STATES DISTRICT JUDGE