CLERK'S COPY

FILED
AT ALBUQUERQUE NM

OCT 2 8 1999

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OLAF PETER JUDA,

Plaintiff,

v.                                        No. CIV-99-0942 BB/LFG

RAYMOND HAMILTON,
JOHN S. SANCHEZ,
RUDI ESTRADA,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to amend or alter judgment under Fed.

R.Civ.P. 52(b) filed October 4, 1999 (Doc. #6). The judgment in question dismissed Plaintiff's

complaint upon the Court's preliminary review under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P.

12(b)(6). The motion asks that dismissal of Plaintiff's retaliation claim under the First Amendment

be set aside and the merits of his supporting allegations be given further consideration. For the

reasons below, the motion will be denied.

As a preliminary matter, the motion is construed under Fed.R.Civ.P. 59(e) because dismissal

of Plaintiff's complaint was not based on findings of fact. *See DeLong Corp. v. Raymond Int'l, Inc.*,

622 F.2d 1135, 1138 n.2 (3d Cir. 1980) (motion not properly brought under Rule 52(b) unless court

"engage[d] in fact-finding"), *overruled on other grounds, Croker v. Boeing Co. (Vertol Div.)*, 662

F.2d 975, 984 (3d Cir. 1981); *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (post-

judgment motion brought under various rules construed as Rule 59(e) motion); *Roman-Nose v. New

Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (plaintiff's pro se

characterization of claims is not dispositive). The motion is thus considered under the standards

governing Rule 59. "A Rule 59(e) motion to alter or amend the judgment should be granted only



' "to correct manifest errors of law or to present newly discovered evidence." ' " *Phelps*, 122 F.3d at 1324 (10th Cir. 1997) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992), and *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). No new evidence is proffered, and thus the motion is analyzed under the manifest-error-of-law standard.

As grounds for the motion, Plaintiff asserts that the Court imposed a "heightened Pleading" standard on his First Amendment claim for retaliation and *sua sponte* granted Defendants "a preliminary qualified immunity defense." Plaintiff relies almost exclusively on the recent Supreme Court ruling in *Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584 (1998), as the legal basis of his motion. In *Crawford-El* the Court rejected the District of Columbia Circuit's imposition of a "clear and convincing evidence" standard for proving claims involving unconstitutionally improper motive. *Id.* at 1590-95. The Court went on to observe that its ruling did not affect existing rules which allow for dismissal of such claims if unsupported by " 'specific, nonconclusory factual allegations.' " *Id.* at 1597 (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)). Because this Court's grounds for dismissing Plaintiff's retaliation claim fall squarely within the latter observation by the Supreme Court, *Hogan v. Oklahoma Dep't of Corrections*, No. 98-6127, 1999 WL 84466, at **2 n.1 (10th Cir. Feb 22, 1999), Plaintiff's motion makes no showing of a manifest error of law. The motion to amend or alter judgment presents no basis for the relief sought and will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend or alter judgment under Fed.R.Civ.P. 52(b) filed October 4, 1999 (Doc. #6), construed herein as a motion under Fed.R.Civ.P. 59(e), is DENIED.

UNITED STATES DISTRICT JUDGE